# ORIGINAL

FILED IN CLERK'S OFFICE
Atlanta

AUG 1 8 2005

LUTHER D. THOMAS, Clerk
By: _____
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

COVENTRY FIRST LLC,

    Plaintiff,

v.

21st SERVICES,

    Defendant.

CIVIL ACTION NO.
04-05239-PBT*

**1 05-MI ·0236**

\* Action is pending in the United
States District Court for the
Eastern District of Pennsylvania

---

## MEMORANDUM OF LAW IN SUPPORT OF HABERSHAM'S MOTION TO QUASH THE SUBPOENA OF COVENTRY FIRST LLC

Pursuant to Rule 45(c) of the Federal Rules of Civil Procedure Movant

Habersham Funding LLC ("Habersham" or "Movant"), moves to quash the

subpoena of Coventry First LLC ("Coventry"). The subpoena requires Habersham

to disclose the private medical information of innocent parties not involved in the

underlying dispute or subject to this subpoena, confidential information,

proprietary business information, and commercial information of the most

sensitive nature possible to one of Habersham's principal competitors. Providing

this information would likely violate the privacy rights of numerous private

citizens, would be of incalculable value to Coventry and would place Habersham at

a competitive disadvantage to which no court or protective order could provide a

cure.  The subpoena also subjects Habersham to undue burden because Habersham

does not catalog or index its files in a way that allows it to easily locate the

information sought by Coventry.  Habersham would have to expend significant

time inspecting files by hand which would be unduly burdensome.

## BACKGROUND

Coventry's subpoena includes five requests for documents.  On August 12,

2005, Habersham responded to the subpoena and asserted objections to these five

requests.  *See* Response of Habersham Funding LLC to the Subpoena of Coventry

First LLC, attached as Exhibit A.  Further, Habersham informed Coventry that it

does not possess any documents responsive to Requests 1-3 and Request 5 of

Coventry's subpoena.  *See Id*

Coventry's Request 4, the remaining request and the only request to which

Habersham has any responsive documents, requires Habersham to produce:

> Documents sufficient to show, and with respect to
> subparts (vi) and (vii) all documents relating to, the
> following information regarding each life insurance
> policy or interest therein that you purchased based at
> least in part on a life expectancy projection or other
> information provided by 21st Services: (i) the name of the
> owner of the policy; (ii) the date of the purchase of the
> policy; (iii) the amount paid for the policy; (iv) the
> amount of the policy; (v) the life expectancy projection
> and other information provided by 21st Services; (vi) the

- 2 -

> life expectancy projection or other information as to that
> policy provided by any other underwriter; and (vii) the
> reasons or bases upon which you chose to rely on 21st
> Services' projection(s).

*See* Coventry Subpoena at Request 4, attached as Exhibit B.  The Court should

quash Coventry's subpoena and Request 4 because it requires Habersham to

disclose the private medical information of innocent parties not involved in the

underlying dispute or subject to this subpoena, confidential information,

proprietary business information, and commercial information of the most

sensitive nature possible to one of Habersham's principal competitors and imposes

an undue burden on Habersham.

## ARGUMENT AND CITATION OF AUTHORITY

A.     The Court Should Quash Coventry's Subpoena Because It Requires
Habersham To Disclose The Private Medical Information Of Innocent Parties Not
Involved In The Underlying Dispute Or Subject To This Subpoena, Confidential
Information, Proprietary Business Information, And Commercial Information Of
The Most Sensitive Nature Possible

The Court is empowered to quash a subpoena that "requires disclosure of a

trade secret or other confidential research, development, or commercial

information," or "other protected matter."  *See* F.R.C.P. 45(c)(3)(B)(i); F.R C.P.

45(c)(3)(A)(iv).

Habersham is in the life settlement business.  Habersham, as part of this

business, buys life insurance policies from individuals that want to immediately

obtain the present discounted value of a life insurance policy they own. These individual may wish to sell a life insurance policy as part of their normal financial planning or to obtain funds to maintain their quality of life during a protracted and possibly life threatening illness.

Habersham faces significant competition from other companies, like Coventry, who often seek to purchase the same life insurance polices as Habersham. For the owner of the life insurance policy, one of the main factors in selecting a company to sell a life insurance policy to is the purchase price offered by the company. The primary factor in determining the purchase price a life settlement company will offer for a life insurance policy is the life expectancy of the insured.

Habersham uses a number of different companies ("life expectancy providers"), including 21st Services, to provide life expectancy projections which reflect and are created by analyzing highly confidential medical records and other personal information regarding the insured individual. Habersham must obtain a general release and a HIPAA-compliant release from the insured individual procure the personal medical information necessary to allow the life expectancy provider to make a life expectancy projection. Once the confidential medical information is obtained it is transmitted to the life expectancy provider. The life

- 4 -

expectancy provider then analyzes the confidential information to create a life expectancy projection, which is based upon the private and confidential information sent to the life expectancy provider. The life expectancy projection is then sent to Habersham, and no one else, via facsimile or secure electronic transmission. Habersham enters the life expectancy projection into its computer system, which is protected by state of the art encryption technology and cannot be accessed without a password. After the life expectancy projection has been input, it is shredded.[1] Habersham, therefore, takes substantial steps to protect the confidential information it receives regarding insured individuals and the life expectancy projections that are prepared based on this confidential information.

These life expectancy projections form the cornerstone of Habersham's determination of the price it will offer a policy holder, a key area of competition in the life settlement business. These life expectancy projections, along with information regarding the amount Habersham ultimately paid for a life insurance policy and the amount of the policy, would provide a competitor with a clear understanding of how Habersham determines the purchase price it will offer for a life insurance policy. This sensitive and protected information will provide a competitor with an incalculable advantage over Habersham in the life settlement

---

[1] Life expectancy projections received before Habersham implemented it current electronic system are maintained in secure filing cabinets.

business.

Coventry's Request 4 seeks purchase price information, information reflecting the value of a policy, and the life expectancy projection obtained by Habersham. *See* Exhibit B, Request 4. The life expectancy projections sought by Request 4 reflect highly confidential information that Habersham obtains from insured individuals. Turning this highly confidential information over to Coventry would wreak immeasurable harm on the private citizens that are Habersham's clients. Pursuant to the medical releases that Habersham receives from the insured individuals under policies for sales, Habersham receives the **personal medical history** of these individuals. Habersham does not seek nor does it have the authority to release this intensely personal and private medical information to any third-party under any circumstances unrelated to the transaction. To do so likely would not only violate various state and federal laws protecting such information, it would be an egregious breach of our client's trust.

Further, these life expectancy projections, which are specifically prepared for Habersham, are treated as confidential by Habersham, as evidenced by the numerous safeguards Habersham employs to restrict access to this information by other entities and individuals.

Allowing Coventry access to this information will put Habersham at an

irreparable competitive disadvantage because Coventry will have the all of the

information necessary to determine how Habersham calculates its purchase price

for a life insurance policy.  With this knowledge, Coventry would have an

advantage over Habersham when bidding on life insurance policies because it

would know Habersham's prospective purchase price.  Habersham, though, would

have no knowledge of Coventry's prospective bid.  This danger, created by

providing this highly confidential and competitively sensitive information to

Coventry, cannot be avoided by any conceivable protective order.   Consequently,

the Court should quash Coventry's subpoena and should specifically quash

Request 4.

B.    The Court should quash Coventry's Subpoena because it subjects
      Habersham to an undue burden

A subpoena that "subjects a person to undue burden" can be quashed by the

court which issued the subpoena.  *See* F.R.C.P. 45(c)(3)(A) & 45(c)(3)(A)(iv).

The subpoena issued by Coventry subjects Habersham to undue burden and

should be quashed.  Request 4 of Coventry's subpoena requires that Habersham

provide information related to any policy purchased by Habersham, in which

Habersham obtained a life expectancy projection from 21st Services [2]  Habersham,

---

[2] Habersham does not have any documents responsive to Request 1-3 and Request 5 and has brought this fact to the attention of Coventry, as stated above.

though, does not maintain its files based on the company that provides a life expectancy projection. Further, Habersham is not able to search its computerized records based on the name of the life expectancy provider. For these reasons, Habersham would have to expend significant time inspecting files by hand which would be unduly burdensome.

Coventry can also avoid placing any burden on Habersham by simply requesting the life expectancy projections created by 21st Services directly from 21st Services.[3] 21st Services, in addition to being a party to the underlying lawsuit subject to discovery, has ready access to these documents. It is only logical that Coventry obtain documents created by 21st Services from 21st Services; not from Habersham, a non-party, that in addition to being unduly burdened by gathering the requested documents is placed at an irreparable competitive disadvantage by providing all of the requested documents and information.

Coventry's subpoena because it places undue burden upon Habersham, which could easily be avoided, should be quashed.

## CONCLUSION

For the reasons stated above, this Court should quash Coventry's subpoena

---

[3] 21st Services, though, should not agree to provide this information to Coventry because of the privacy concerns stated above. Consequently, Habersham does not intend to waive any right it may have to object to the production of this information by 21st Services on its own behalf or on behalf of its clients.

- 8 -

and relieve Habersham from the requirement of disclosing the private medical

information of innocent parties not involved in the underlying dispute or subject to

this subpoena, confidential information, proprietary business information, and

commercial information of the most sensitive nature possible to one of

Habersham's principal competitors and from the undue burden created by

Coventry's subpoena.

Dated:      August 18, 2005              Respectfully submitted,

                                         By:

                                             John G. Parker
                                             Georgia Bar No. 562425
                                             Donald H. Crawford II
                                             Georgia Bar No 141753
                                             PAUL, HASTINGS, JANOFSKY &
                                             WALKER LLP
                                             600 Peachtree Street, N.E.
                                             Suite 2400
                                             Atlanta, GA  30308-2222
                                             Telephone:(404) 815-2400
                                             Facsimile: (404) 815-2424
                                             johnparker@paulhastings.com
                                             donaldcrawford@paulhastings com

                                         *Attorney for Movant*
                                         *Habersham Funding LLC*

## CERTIFICATE OF COMPLIANCE WITH RULE 5.1B

Pursuant to Rule 7.1(D), N.D. Ga., I hereby certify that **HABERSHAM FUNDING LLC'S MOTION TO QUASH THE SUBPOENA OF COVENTRY FIRST LLC *and* MEMORANDUM OF LAW IN SUPPORT OF HABERSHAM FUNDING LLC'S MOTION TO QUASH THE SUBPOENA OF COVENTRY FIRST LLC** have been prepared using one of the font and point selections approved by the Court in Local Rule 5.1B, N.D.Ga.  This document was prepared using Times New Roman (14 pt.).

Dated·      August 18, 2005              Respectfully submitted,

                                         By:_____
                                           John G. Parker
                                             Georgia Bar No. 562425
                                           Donald H. Crawford II
                                             Georgia Bar No. 141753
                                           PAUL, HASTINGS, JANOFSKY &
                                           WALKER LLP
                                           600 Peachtree Street, N.E.
                                           Suite 2400
                                           Atlanta, GA  30308-2222
                                           Telephone.(404) 815-2400
                                           Facsimile. (404) 815-2424
                                           johnparker@paulhastings.com
                                           donaldcrawford@paulhastings.com

                                         *Attorneys for Habersham Funding LLC*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

COVENTRY FIRST LLC,

     Plaintiff,

v

21st SERVICES,

     Defendant.

CIVIL ACTION NO.
04-05239-PBT*

* Action is pending in the United
States District Court for the
Eastern District of Pennsylvania

## CERTIFICATE OF SERVICE

     This is to certify that I have this day served counsel in the foregoing matter with  copies of the within and foregoing **HABERSHAM FUNDING LLC'S MOTION TO QUASH THE SUBPOENA OF COVENTRY FIRST LLC** *and* **MEMORANDUM OF LAW IN SUPPORT OF HABERSHAM FUNDING LLC'S MOTION TO QUASH THE SUBPOENA OF COVENTRY FIRST LLC** by delivering a true and accurate copy thereof via first class mail, postage prepaid to:

Stephen J. Kastenberg
Ballard Spahr Andrews & Ingersoll, LLP
1735 Market Street
51st Floor
Philadelphia, PA  19103-7599

This 18th day of August, 2005.

_____
John G. Parker
Georgia State Bar No. 562425
Donald H. Crawford II
Georgia State Bar No. 141753

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

COVENTRY FIRST LLC,

      Plaintiff,

v.

21st SERVICES,

      Defendant.

CIVIL ACTION NO
04-05239-PBT*

\* Action is pending in the United
States District Court for the
Eastern District of Pennsylvania

## RESPONSE OF HABERSHAM FUNDING LLC TO THE SUBPOENA OF COVENTRY FIRST LLC

Habersham Funding LLC ("Respondent")[1] respond as follows to Plaintiff

Coventry First LLC's Subpoena requesting the production of documents (the

"Requests").

### GENERAL OBJECTIONS

Respondent objects to the Requests as follows·

1.

Respondent objects to the instructions and definitions set forth in the

Requests to the extent they seek to impose obligations on Respondent beyond

---

[1] A subpoena directed to Habersham Bancorp was also received by Respondent, but Habersham Bancorp is not a subsidiary, affiliate, or entity that is in any way related to Respondent  Consequently, Respondent does not respond on behalf of Habersham Bancorp.

EXHIBIT A

those imposed by the Federal Rules of Civil Procedure and/or the rules of this Court.

2.

Respondent objects to the Requests to the extent the documents sought are subject to the attorney-client privilege, constitute work product, were prepared in anticipation of litigation or for trial or are otherwise privileged or exempt from discovery.

3.

Respondent objects to each and every one of the Requests to the extent it does not request documents and/or purports to require Respondent to do anything other than object and/or indicate whether responsive documents will be produced or made available for inspection and copying.

4.

Respondent objects to each and every one of the Requests to the extent it is vague, overly broad or unduly burdensome

5.

Respondent objects to each and every one of the Requests to the extent it seeks information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence

6

Respondent objects to each and every one of the Requests to the extent it seeks information that is confidential and/or proprietary.

7.

Each and every General Objection is incorporated, by reference, into the Response to each and every separately-numbered Request. All responses are made without waiver of any of the General Objections stated.

8.

Respondent reserves the right to supplement, alter or amend these responses as necessary or appropriate

## RESPONSES TO SUBPOENA

1.     All documents relating to your opinions, conclusions, or reasons, or those of any other person, why 21st Services has been, is, would, or might be selected or used to provide life expectancy projections or trends, including any documents relating to the decision by you or anyone else whether or not to use or do business with 21st Services.

## RESPONSE

Respondent objects to this Request on the grounds that it is over broad and

unduly burdensome   Subject to and without waiving its objections, Respondent

states that it does not have any documents responsive to this Request

2.     All documents created or distributed by you or any other person relating to the comparison or differentiation of 21st Services' life expectancy analyses, services, or results with or from those of other providers or viatical settlement underwriting services

**RESPONSE**

Respondent objects to this Request on the grounds that it is over broad and

unduly burdensome.  Subject to and without waiving its objections, Respondent

states that it does not have any documents responsive to this Request

3      All documents created or distributed by you or any other person relating to
any analysis, review, conclusions or opinions regarding the accuracy, reliability, or
purpose (or lack of any of the foregoing) of 21st Services' life expectancy
projections, trends, analyses, services, or results, or those of other providers of
viatical settlement underwriting services.

**RESPONSE**

Respondent objects to this Request on the grounds that it is over broad and

unduly burdensome   Subject to and without waiving its objections, Respondent

states that it does not have any documents responsive to this Request.

4      Documents sufficient to show, and with respect to subparts (vi) and (vii) all
documents relating to, the following information regarding each life insurance
policy or interest therein that you purchased based at least in part on a life
expectancy projection or other information provided by 21st Services  (i) the name
of the owner of the policy; (ii) the date of the purchase of the policy, (iii) the
amount paid for the policy; (iv) the amount of the policy, (v) the life expectancy
projection and other information provided by 21st Services; (vi) the life expectancy
projection or other information as to that policy provided by any other underwriter;
and (vii) the reasons or bases upon which you chose to rely on 21st Services'
projection(s)

**RESPONSE**

Respondent objects to this Request on the grounds that it is over broad,

unduly burdensome, and requires disclosure of confidential information,

proprietary business information, and commercial information.  The documents

- 4 -

covered by this Request to Respondent are of the most sensitive nature possible and the production would reveal to the requesting party, who is one of Respondent's principal competitors, information of incalculable value to the requesting party and would place Respondent at a competitive disadvantage to which no court could provide a cure  There is no conceivable protective order sufficient to shield Respondent from the competitive damage that would be done by this production.  Furthermore, since Respondent does not catalog or index files according to the entity providing life-expectancy projections, compliance with this Request would require hand inspection of every single one of Respondent's files, a process which could take weeks and be prohibitively expensive.

5.     All documents created or distributed by you or any other person relating to any cooperation, contribution, direct or indirect financing, or communication with any other person relating to: (i) the lawsuit in which this subpoena has been issued or the action *Coventry First LLC v  Examination Management Services, Inc* , Civil Action No  04-CV-2031; (ii) the allegations or defenses raised by any party to those actions; or (iii) the topics sets forth in document requests 1 through 4 above.

## RESPONSE

Respondent objects to this Request on the grounds that it is over broad and unduly burdensome.  Subject to and without waiving its objections, Respondent states that it does not have any documents responsive to this Request.

- 5 -

Dated.      August _/2_ , 2005       By:

                                    John G. Parker
                                      Georgia Bar No  562425
                                    Donald H. Crawford II
                                    Georgia Bar No. 141753
                                  PAUL, HASTINGS, JANOFSKY &
                                  WALKER LLP
                                  600 Peachtree Street, N.E
                                  Suite 2400
                                  Atlanta, GA  30308-2222
                                  Telephone (404) 815-2400
                                  Facsimile: (404) 815-2424
                                  johnparker@paulhastings com
                                  donaldcrawford@paulhastings com

                                  Attorneys for Habersham Funding LLC

- 6 -

## CERTIFICATE OF COMPLIANCE WITH RULE 5.1B

Pursuant to Rule 7.1(D), N D  Ga , I hereby certify that the **RESPONSE OF HABERSHAM FUNDING LLC TO THE SUBPOENA OF COVENTRY FIRST LLC** has been prepared using one of the font and point selections approved by the Court in Local Rule 5 1B, N.D.Ga.  This document was prepared using Times New Roman (14 pt ).

Dated.        August 12, 2005                  Respectfully submitted,

By:
                                               John G. Parker
                                                  Georgia Bar No. 562425
                                               Donald H  Crawford II
                                                  Georgia Bar No. 141753
                                               PAUL, HASTINGS, JANOFSKY &
                                               WALKER LLP
                                               600 Peachtree Street, N E
                                               Suite 2400
                                               Atlanta, GA  30308-2222
                                               Telephone.(404) 815-2400
                                               Facsimile. (404) 815-2424
                                               johnparker@paulhastings com
                                               donaldcrawford@paulhastings com

                                               *Attorneys for Habersham Funding LLC*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

COVENTRY FIRST LLC,

      Plaintiff,

v.

21st SERVICES,

      Defendant.

CIVIL ACTION NO
04-05239-PBT*

\* Action is pending in the United
States District Court for the
Eastern District of Pennsylvania

## CERTIFICATE OF SERVICE

This is to certify that I have this day served counsel in the foregoing matter

with copies of the within and foregoing **RESPONSE OF HABERSHAM**

**FUNDING LLC TO THE SUBPOENA OF COVENTRY FIRST LLC** by

delivering a true and accurate copy thereof via first class mail, postage prepaid to:

Stephen J Kastenberg
Ballard Spahr Andrews & Ingersoll, LLP
1735 Market Street
51st Floor
Philadelphia, PA 19103-7599

This 12th day of August, 2005.

By

Donald H Crawford
Bar No. 141753

-8-

ATL-1/127457 1

**EXHIBIT B**

AO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

NORTHERN                     DISTRICT OF                     GEORGIA

| Coventry First LLC | **SUBPOENA IN A CIVIL CASE** |
|---|---|
| V | |
| 21st Services | Case Number.[1]  04-05239-PBT (E.D Pa) |

TO.  Habersham Funding, LLC
415 East Paces Ferry Rd. NE Terrace Level
Atlanta, GA 30305-3306

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Exhibit A attached hereto

| PLACE   Habersham Funding, LLC 415 East Paces Ferry Rd  NE Terrace Level, Atlanta, GA 30305-3306 | DATE AND TIME  8/19/2005  5 00 pm |
|---|---|

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify  Federal Rules of Civil Procedure, 30(b)(6)

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Plaintiff | 7/20/2005 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Stephen J Kastenberg, BALLARD SPAHR ANDREWS & INGERSOLL, LLP
1735 Market Street, 51st Floor, Philadelphia, PA 19103 (215) 864-8122

(See Rule 45  Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number

EXHIBIT B

AOKR (Rev. 1/94) Subpoena in a Civil Case

---

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct

Executed on _____          _____
                         DATE                                        SIGNATURE OF SERVER

                                                          _____
                                                          ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D·

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENA

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena  The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises  If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued  If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production  Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions

(d) DUTIES IN RESPONDING TO SUBPOENA

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the mmmdemanding party to contest the claim

-2-

**EXHIBIT A TO SUBPOENA FOR**
**PRODUCTION OF DOCUMENTS AND THINGS**

## DEFINITIONS

The following terms shall have the meanings set forth below whenever used in any Request:

1.      The term "document" is defined as any material encompassed by Rule 34 of the Federal Rules of Civil Procedure.  It includes, by way of illustration only and not by way of limitation, all of the following: originals, drafts or non-identical copies (whether different from the original by reason of notations made on each copy or otherwise) of writings of every kind, or any other medium upon which intelligence or information can be recorded, retrieved, or presented, whether or not claimed to be privileged or otherwise protected from discovery, and whether printed or reproduced by any process, including tape-recordings and other sound recordings, videotapes, photographs, computer printouts, computer files of any kind, including E-mail and internet communications (whether stored on a server for a computer system, an individual computer's hard drive, a computer disk, a computer backup tape or in any other form), materials written and/or produced by hand, and communications of any other form, including, without limitation, notes; complaints; diaries; journals; datebooks; reports; calendars; telephone messages; letters; E-mail messages; website postings; internet chat-room postings, lists; correspondence; drawings; designs; telegrams; manuals; summaries or records of personal conversations, logs; minutes or records of meetings; minutes of any other type; transcripts of oral testimony or statements; affidavits; summaries of investigations   Any document with any marks on any sheet or side thereof (by way of illustration only and not by way of limitation, initials, stamped indicia, any comment or any notation of any character and not a part of the original text)

is to be considered a separate document for the purposes of this request  If two or more identical duplicate copies of a document exist, the most legible copy shall be produced.

    2.    "Communication" means a communication in any form, including, without limitation, notes, complaints, diaries, journals, datebooks, reports, calendars, telephone messages, letters, E-mail messages, website postings, internet chat-room postings, lists, correspondence, drawings, designs, telegrams, manuals, summaries or records of personal conversations, logs, minutes or records of meetings, minutes of any other type, transcripts of oral testimony or statements, affidavits, or summaries of investigations.

    3.    "Person" means any natural person and any entity, including any corporation, association, or other business enterprise.

    4.    The phrase "relating to" shall be read to include all things, actions or documents that refer to, pertain to, reflect upon, concern, discuss, regard, embody, show, support, comment upon, identify, describe, mention, analyze, reflect, constitute, or are in any way logically or factually connected with or may afford information regarding the specified matter.

    5.    "And" and "or" shall be construed conjunctively or disjunctively, as necessary to make the request inclusive rather than exclusive.

    6    "Any" means "each and every" as well as "any one."

    7.    "You" or "your" means Habersham Funding, LLC and all of its subsidiaries, affiliates, divisions, employees, agents, and representatives.

    8    Any noun used in the singular form shall be construed and applied so as to include the plural form also, and vice versa

    9    "Coventry" means Coventry First LLC, its subsidiaries, affiliates, divisions, employees, agents, and representatives

10.     "21ˢᵗ Services" includes its subsidiaries, affiliates, divisions, employees, agents, and representatives.

11.     The term "investor" means any person or entity that acquires, seeks to acquire, is in the business of acquiring, or otherwise has or seeks to have a direct ownership in an insurance policy or certificate that is the subject of a viatical settlement whose principal activity related to the transaction or contract is providing funds to effect the viatical settlement, and any employee, agent, consultant, or representative engaged by such person or entity to provide advisory or other services concerning viatical settlements.

12.     The term "viatical settlement" shall refer to a transaction or written agreement in which a person owning an insurance certificate, policy or group policy establishing the terms under which compensation or anything of value will be paid, which compensation or value is less than the expected death benefit of the insurance policy or certificate, in return for the assignment, transfer, sale, devise or bequest of the death benefit or ownership of any portion of the insurance policy or certificate of insurance. The term also includes a contract for a loan or other financing transaction secured primarily by an individual or group life insurance policy, other than a loan by a life insurance company pursuant to the terms of the life insurance contract, or a loan secured by the cash value of a policy. A viatical settlement contract includes an agreement to transfer ownership or change the beneficiary designation at a later date regardless of the date that compensation is paid to the owner of the policy or certificate. The term "viatical settlement" is not limited to a transaction with the owner of a life insurance policy or certificate, which policy insures the life of an individual with a catastrophic or life-threatening illness or condition.

13.     The term "viatical settlement provider" means any person other than the individual insured under the insurance policy or certificate or the owner of the insurance policy

or certificate that enters into or effectuates, or seeks to enter into or effectuate, a viatical settlement, whether or not that person is licensed as such in the state in which the viatical settlement was effectuated.

14      The term "life expectancy analysis" refers to any method, without limitation, by which you or others determine, objectively or otherwise, life expectancies or life expectancy tendencies that in any way relate to viatical settlements.

15.      The term "life expectancy projection" means the results of any life expectancy analysis.

16.      The term "underwriting" means the process of analyzing or assessing the likelihood that a given person covered by a policy of insurance will die within a particular time frame, and includes without limitation activities relating to assessing mortality risk, projecting or estimating life expectancy, and all related and subsidiary activities.

## INSTRUCTIONS

1.      If a requested document is withheld based on a claim of privilege or for other reasons, please state with respect to each such document:

> (a)      the nature or basis of the claim of privilege or other ground for nonproduction;

> (b)      the names, addresses, and job title of all parties to the communication (including all parties who have been copied on the communication);

> (c)      the date, subject matter, and number of pages of the document; and

> (d)      the current custodian and present location of the document.

2.      Any noun used in the singular form shall be construed and applied so as to include the plural form also, and vice versa.

3.      Each Document Request shall be construed independently, and no Document

Request shall be viewed as limiting the scope of any other Document Request.

4.      Each and every nonidentical copy of a document, whether different from the

original because of stamps, indications of the recipient(s), handwritten notes, marks, attachments,

or any other reason, is a separate document that must be produced.

## RELEVANT TIME PERIOD AND SCOPE

1.      These Requests concern documents from January 1, 1996 to the present.

2.      All of the Requests for Production of Documents pertain only to viatical

settlements, related underwriting markets, and other related activity and not to unrelated

businesses in which you or 21st Services may engage.

3.      These requests are not intended to and do not encompass any confidential medical

data.

4.      These requests encompass all responsive documents within your possession,

custody, or control, regardless of whether the documents were authored by you, an affiliate,

consultant, agent, or other third party.

## DOCUMENTS REQUESTED

1.      All documents relating to your opinions, conclusions, or reasons, or those of any
other person,  why 21st Services has been, is, would, or might be selected or used to provide life
expectancy projections or trends, including any documents relating to the decision by you or
anyone else whether or not to use or do business with 21st Services.

2      All documents created or distributed by you or any other person relating to the
comparison or differentiation of 21st Services' life expectancy analyses, services, or results with
or from those of other providers of viatical settlement underwriting services.

3.      All documents created or distributed by your or any other person relating to any
analysis, review, conclusions or opinions regarding the accuracy, reliability, or purpose (or lack
of any of the foregoing) of 21st Services' life expectancy projections, trends, analyses, services,
or results, or those of other providers of viatical settlement underwriting services.

4.    Documents sufficient to show, and with respect to subparts (vi) and (vii) all documents relating to, the following information regarding each life insurance policy or interest therein that you purchased based at least in part on a life expectancy projection or other information provided by 21st Services:  (i) the name of the owner of the policy; (ii) the date of the purchase of the policy; (iii) the amount paid for the policy, (iv) the amount of the policy: (v) the life expectancy projection and other information provided by 21st Services; (vi) the life expectancy projection or other information as to that policy provided by any other underwriter; and (vii) the reasons or bases upon which you chose to rely on 21st Services' projection(s).

5.    All documents created or distributed by you or any other person relating to any cooperation, contribution, direct or indirect financing, or communication with any other person relating to (i) the lawsuit in which this subpoena has been issued or the action *Coventry First LLC v. Examination Management Services, Inc.*, Civil Action No. 04-CV-2031, (ii) the allegations or defenses raised by any party to those actions;  or (iii) the topics sets forth in documents requests 1 through 4 above.