# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

COVENTRY FIRST LLC, :
:
    Plaintiff, :
:
v. : CIVIL ACTION NO.
: 1:05-CV-2320-RWS
21st SERVICES, :
:
    Defendant. :

## ORDER

This case is before the Court for consideration of Habersham Funding LLC's ("Habersham") Motion to Quash the Subpoena of Coventry First LLC ("Coventry") [1] and Coventry's Motion to Compel Production of Documents Pursuant to Modified Subpoenas [2]. After reviewing the record, the Court enters the following Order.

Coventry is the plaintiff and counterclaim defendant in an action pending in the United States District Court for the Eastern District of Pennsylvania captioned <u>Coventry First LLC v. 21st Services</u>, Civ. Action No. 04-CV-05239-PBT. In that action, Coventry seeks monetary and injunctive relief against Defendant 21st Services based on 21st Services' improper underwriting

practices related to the life settlement industry. 21st Services has counterclaimed against Coventry alleging various unfair business practices constituting defamation and anti-trust violations. In connection with that action, on July 25, 2005, Coventry served a third-party subpoena on Habersham. Coventry contends that the information sought in the subpoena is critical because Coventry cannot prove its damages without the information.

Habersham is a competitor of Coventry in the life settlement business. These companies buy life insurance policies from individuals that want to immediately obtain the present discounted value of a life insurance policy they own. Habersham seeks to have Coventry's subpoena quashed because Habersham contends that it would be required to provide information to Coventry that Coventry could use to determine how Habersham generates the bids it submits for policies. Habersham also contends that the subpoena would place an undue burden on it. The subpoena requests that Habersham provide information relating to policies for which they received a life expectancy projection from 21st Services. Because Habersham does not maintain its files under the name of the company providing life expectancy projections, Habersham contends that it would have to search its entire files in order to respond to the subpoena.

2

In response to Habersham's objections, Coventry has agreed to reduce the scope of its subpoena. Coventry compiled a list of policy holders and policies that it unsuccessfully bid upon between January 1, 2000 and July 31, 2000. Coventry seeks documents demonstrating: (i) which, if any, of these policies Habersham acquired; (ii) whether Habersham used a life expectancy projection provided by 21st Services in the bid; (iii) what the life expectancy used in generating the bid was; (iv) at what price the policy was acquired; and (v) why the decision was made to utilize a life expectancy projection from 21st Services. Coventry contends that its modified request reduces the burden placed on Habersham. Finally, subsequent to the filing of the motions presently before the Court, Coventry and 21st Services agreed to a Confidentiality Order in their pending litigation. Under the terms of this order, a non-party, such as Habersham, producing documents pursuant to a subpoena may designate as "highly confidential" any of the "proprietary and trade secret information" that it produces. This "highly confidential" designation limits access to these materials to attorneys, experts, and court personnel, and specifically bars any employee of Coventry from having access to this information. Thus, any competitive disadvantage to Habersham is avoided.

Based on the foregoing, the Court finds that Coventry is entitled to the discovery sought in its modified discovery requests. Therefore, Habersham's Motion to Quash Subpoena [1] is hereby **DENIED**, and Coventry's Motion to Compel Production of Documents Pursuant to Modified Subpoena [2] is hereby **GRANTED**. Habersham shall produce the documents required by the modified subpoena within ten (10) days of the entry of this Order.

SO ORDERED, this __4th__ day of October, 2005.

/s/ Richard W. Story
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A